..............................UNITED STATES DISTRICT COURT..............................
............................WESTERN DISTRICT OF WISCONSIN............................

---

ROBERT E. REIFSCHNEIDER,
Plaintiff,

20-cv-828-bbc

v. Case No.

BRAD HOMPE, J. PAYNE, CINDY O'DONNELL,
GAVIN, GROSS, KINYON, AND TWO DOES,
Defendants.

---

CHIEF CIVIL RIGHTS COMPLAINT

---

TO: DISTRICT JUDGE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
120 North Henry Street
Madison, WI. 53703

THE PLAINTIFF, Robert E. Reifschneider, pro se, in support of this complaint, hereby alleges and shows the Court the following:

I. INTRODUCTION

1) This is a civil rights action filed by Robert E. Reifschneider, a state prisoner, for damages under 42 USC § 1983, alleging that prison officials violated his 8th Amendment right to be free from cruel and unusual punishment by delaying a necessary EMG and not prescribing a pain reliever that actually relieved pain, and delaying pain medication once he had the EMG and was diagnosed with carpel tunnel syndrome notwithstanding his constant complaints about pain.

II. JURISDICTION AND VENUE

2) This complaint is filed pursuant to 42 USC § 1983 and the court has jurisdiction under 28 USC § 1331.

3) Plaintiff is housed at the Wisconsin Secure Program Facility located within the jurisdiction of the Western District, therefore this filing is properly venued.

III. PARTIES

4) Plaintiff, Robert E. Reifschneider, is a citizen of Wisconsin, confined in the Wisconsin State Prison System, located at Wisconsin Secure Program Facility [hereinafter "WSPF"], with an address of 1101 Morrison Drive, PO Box 1000, Boscobel, WI. 53805-1000.

5) Defendant, Brad Hompe and Cindy O'Donnell, are Corrections Complaint Examiners [hereinafter "CCE"] and act as the Secretary of the Wisconsin Department of Corrections [hereinafter "Department"] when reviewing complaints, with an office located at 3099 East Washington Avenue, PO Box 7925, Madison, WI. 53707-7925. Sued in their personal capacity.

6) Defendant, J. Payne, is a Institution Complaint Examiner [hereinafter "ICE"] for the Department with an office located at 1101 Morrison Drive, PO Box 1000, Boscobel, WI. 53805-1000. Sued in his or her personal capacity.

7) Defendant, Gavin, Gross, and Doe I, are a citizens of Wisconsin, employed as a Doctors for the Department, with an office located at 1101 Morrison Drive, PO Box 1000, Boscobel, WI. 53805-1000. Sued in his or her personal capacity.

8) Defendant, Kinyon, is a citizen of Wisconsin, employed as a Nursing Supervisor at WSPF, with an office located at 1101 Morrison Drive, PO Box 1000, Boscobel, WI. 53805-1000. Sued in her personal capacity.

9) Defendant, Cochran, is a citizen of Wisconsin, employed as a Nurse Practitioner at WSPF, with an office located at 1101 Morrison Drive, PO Box 1000, Boscobel, WI. 53805-1000. Sued in her personal capacity.

10) Defendant, Doe II, is a citizen of Wisconsin, employed as a Nurse at WSPF, with an office located at 1101 Morrison Drive, PO Box 1000, Boscobel, WI. 53805-1000. Sued in her personal capacity.

IV. CAUSE OF ACTION

11) For about a year Plaintiff complained about pain in his arm to medical staff at WSPF, including Drs. Gavin, Gross, and Doe I. Although they saw Plaintiff, they did nothing to find out what was causing the pain and prescribed nothing to alleviate the pain.

12) On February 18th, 2020, Plaintiff finally had an EMG done and was diagnosed with carpel tunnel syndrome, more specifically the technician states that "[t]here is electrodiagnostic evidence for severe, chronic ongoing left median mononeuropathy at the writs."

13) On February 28th, 2020, Plaintiff saw Nurse Practitioner Cochran, who refused to give Plaintiff pain medication "because there was another EMG pending."

14) On March 31st, 2020, Plaintiff complained to medical staff about his left arm pain and stated that the pain was off the chart. Defendant Doe II referred Plaintiff to be seen by a nurse, notwithstanding the fact that a nurse has no authority to prescribe anything for pain outside of ibuprofen and aspirin.

15) On or about April 24th, 2020, Plaintiff filed a formal complaint with the Inmate Complaint Review System [hereinafter " ICRS"] at WSPF regarding his pain. ICE J. Payne reviewed the complaint, did an investigation which included contacting Nursing Supervisor Kinyon and informing her about the issue, and, on May 5th, 2020, dismissed the complaint stating that his issues were being dealt with by medical staff. Plaintiff appealed the decision to the CCE in Madison, and on May 27th, 2020, CCE Brad Hompe dismissed the complaint stating that after the investigation there was no reason to believe that plaintiff's care was inadequate. The decision to dismiss was affirmed by Cindy O'Donnell acting on behalf of the Secretary of the Department.

16) On May 15th, 2020, Plaintiff complained to medical staff about left arm pain stating that "the pain gets so bad that he pukes for hours and dry heaves".

17) On or about May 21-22, 2020, Plaintiff saw a Doctor Gross, who stated that he would increase Plaintiff's Gabapentin, which he was already on for nerve pain regarding another issue, to 4 times a day. However Plaintiff was not put on the increased dose for months.

V. STATEMENT OF CLAIM

DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL
NEED IN VIOLATION OF THE EIGHTH AMENDMENT

18) The Eighth Amendment prohibits the infliction of cruel and unusual punishment. (E.g., US Const. amend. VIII; Miranda v. Cty. Of Lake, 900 F.3d 335, 350 (7th Cir. 2018)). A prison official's deliberate indifference to a prisoner's medical needs violates the Eighth Amendment. (Farmer v. Brennan, 511 US 825, 828 (1994)). A delay in treatment for painful medial conditions can support a deliberate indifference claim. (E.g., Grieveson v. Anderson, 538 F.3d 763, 779 (7th Cir. 2008); Edwards v. Snyder, 478 F.3d 827, 832 (7th Cir. 2007)). If a prisoner has to have an outside appointment scheduled to determine a injury or to diagnose, the outside appointment must be provided without excessive delay and scheduling priorities may not be used as an excuse not to provide necessary care promptly. (Johnson v. Bowers, 884 F.2d 1053, 1056 (8th Cir. 1989); see also, Chavez v. Cady, 207 F.3d 901, 906 (7th Cir. 2000)(Correctional staff liable for not acting timely on direction to hospitalize)). The deliberate indifference standard is met if Plaintiff proves that his pain and suffering was unnecessarily prolonged. (Williams v. Liefer, 491 F.3d 710, 714-715 (7th Cir. 2007)).

Defendants Drs. Gavin, Gross, and Doe I, all were informed by Plaintiff about Plaintiff's pain in his left arm for months on end and these Defendants did not send him out for an EMG for approximately a year. Once Plaintiff had an EMG and it was determined that he has carpel tunnel syndrome, these Defendants even still took months to prescribe anything for the excruciating and ongoing pain he was going through. Moreover, on at least one occasion, Defendant Nurse Practitioner Cochran refused to give Plaintiff anything for his pain stating that Plaintiff had another EMG scheduled, notwithstanding the fact that he was already diagnosed with carpel tunnel syndrome after the first EMG.

19) Denial of being seen by medical personnel with the necessary specialized training and expertise to diagnose and treat a condition is deliberate indifference (Hayes v. Snyder, 546 F.3d 516, 527 (7th Cir. 2008)), the rendering of medical services by unqualified personnel is deliberate indifference (E.g., Williams v. Edwards, 547 F.2d 1206, 1216-1218 (5th Cir. 1977); Toussaint v. McCarthy, 801 F.2d 1080, 1111-1112 (9th Cir. 1986); Oxendine v. Kaplan, 241 F.3d 1272, 1278-1279 (10th Cir. 2001)), and medical needs that call for a physician's attention must receive it. (Mandel v. Doe, 888 F.2d 783, 789-790 (11th Cir. 1989)).

On at least on one occasion, Defendant Doe II scheduled plaintiff to be seen by a nurse after he complained about excruciating left arm pain, notwithstanding the fact that a nurse has absolutely no power to diagnose and prescribe anything but Ibuprofen and Tylenol for pain. As Plaintiff had complained numerous times about pain and the pain was clearly serious, the nurse was required by policy and common sense to schedule him with a advanced care provider or physician.

20) Department inmate complaint staff are liable for deliberate indifference if they refuse or decline to exercise their authority to alleviate the issue or turn a blind eye to it. (See e.g., Vance v. Peters, 97 F.3d 987, 992- 993 (7th Cir. 1996); J.H. ex rel. Higgin v. Johnson, 346 F.3d 788, 792 (7th Cir. 2003); Burks v. Raemisch 555 F.3d 592, 595-596 (7th Cir. 2003)).

Defendants Nursing Supervisor Kinyon, ICE J. Payne, CCE Brad Hompe, and Cindy O'Donnell acting on behalf of the Secretary of the Department, all were contacted by Plaintiff via the complaint process and informed about Plaintiff's pain and how long it had been going on for and yet none of them did anything to relieve Plaintiff's complaints and excruciating pain even though they had the power to do so.

VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this honorable Court grant the following relief:

A. Issue compensatory damages in the amount of $60,000.00 from each defendant jointly and severally.
B. Issue punitive damages in the amount of $80,000.00 from each defendant jointly and severally.
C. Issue compensation for any and all fees, including attorneys' fees, associated with this action.

D. Issue such and further orders as it deems necessary.

VII. JURY DEMAND

Plaintiff requests a trial by jury.

VIII. VERIFICATION

I, Robert E. Reifschneider, pursuant to 28 USC § 1746, declare, under penalty of perjury, that the aforementioned are true and correct, and that I either personally have knowledge of these things, or, in the alternative, I am bringing them to this Court upon information and belief. I further believe that I am entitled to the relief requested herein.

I reserve my right to supplement or amend this document at any time.

Respectfully submitted this 8 day of August, 2020.

Robert E. Reifschneider 211858
Pro Se Plaintiff
Wisconsin Secure Program Facility
1101 Morrison Drive
PO Box 1000
Boscobel, WI. 53805-1000